```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ATHANASIOS  VLAHOPOLOUS,  AND
ELIZABETH VLAHIPOLOUS, as sole guardian
of the infant minor ATHANASIOS
VLAHOPOLOUS, born on December 13, 2002,

                          Plaintiffs,                    ORDER
                                                         CV 21-0063 (GRB)(ARL)
          -against-

ROSLYN UNION FREE SCHOOL DISTRICT,
et. al,

                          Defendants.
-------------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

Defendants Roslyn Union Free School District, Scott Andrews, and Christopher Roth ("Defendants") move the Court for an order dismissing this action under Federal Rule of Civil Procedure ("Rule") 41(b) and 37(b) (d) due to Plaintiff's failure to prosecute and comply with Court orders. ECF No. 45. Defendants argue that Plaintiff has failed to provide initial disclosures as required by this Court's December 29, 2021 Order. Plaintiff responded to this motion, arguing that "the bulk of disclosure and evidence to be offered in this case is in the care and custody of defendant school district and not in the care and custody of the plaintiff" and requesting permission to cross move (although Plaintiff has not specified whether he intends to move to compel or for a protective order, or both).[1] ECF No. 46. By letter dated February 13, 2022, Defendants object to the discovery responses ultimately provided by Plaintiff on February 10, 2022 and noted that Plaintiff is yet to provide his initial disclosures as required by FRCP

---

[1] The Court notes that a pre-motion conference is not required prior to making a letter motion regarding discovery, however, Local Rule 37.3 and the undersigned's Individual Rules require the attorneys for the respective parties to meet and confer in good faith in person or by telephone in an effort to resolve and/or narrow the issues prior to seeking judicial intervention.

26(a). ECF No. 47. Plaintiff filed a response to Defendants' February 13, 2022 letter to the Court but did not address Defendants' position that initial disclosures have yet to be provided. ECF No. 48. Defendants have responded to this latest letter. ECF No. 49.

Before this matter may proceed Plaintiff must make initial disclosures as required by Rule 26(a) and as directed by this Court at the initial conference which took place on July 21, 2021. In addition, by order dated December 29, 2021, this Court once again directed Plaintiff to provide Defendants with initial disclosures and cautioned Plaintiff that failure to comply with this Order may result in the preclusion of evidence, monetary sanctions for failure to comply with this Order and this Court recommending to District Judge Brown that Plaintiffs' case be dismissed with prejudice for failure to prosecute. Plaintiff has still not provided initial disclosures.

Rule 26(a) provides as follows:

(a) Required Disclosures.

In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
    (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
    (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
    (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
    (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

"A party must make its initial disclosures based on the information then reasonably available to it [and] is not excused from making its disclosures ... because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed.R.Civ.P. 26(a)(1)(E). "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Ebewo v. Martinez*, 309 F.Supp.2d 600, 607 (S.D.N.Y.2004) (citations omitted). "The disclosure must be made 'without awaiting a discovery request' and must be timely supplemented." *Greifman v. Grossman & Karaszewski, PLLC*, No. 19-cv-04625, 2020 U.S. Dist. LEXIS 59108, 2020 WL 1659750, at *1 (S.D.N.Y. Apr. 3, 2020). Plaintiff has failed to make initial disclosures as required by the Federal Rules and offers no excuse.

Rule 37(c)(1) describes the available remedies when a party fails to comply with these Rules:

> If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: ... may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Plaintiff was notified of the consequences that would result from his failure to comply with the discovery obligations by this Court in it December 29, 2021 Order. He was expressly advised that his failure to abide by the Rule 26 disclosure deadline could result in a defense motion to dismiss for failure to prosecute. Nevertheless, he has continued to avoid his obligations under the Federal Rules of Civil Procedure arguing instead that Defendants are the problem. Such conduct could easily support a dismissal of Plaintiff's claims for failure to prosecute. *See, e.g.*, *Henderson v. Levy*, No. 15-CV-802-RJA-MJR, 2019 U.S. Dist. LEXIS 34211 (W.D.N.Y. Feb. 25, 2019); *Canales v. Sheahan*, No. 12-CV-693(LJV)(HBS), 2019 U.S. Dist. LEXIS 23630 (W.D.N.Y. Feb. 13, 2019) (granting motion to dismiss for failure to

prosecute based upon plaintiff's failure to provide initial disclosures); *Galper v. ARS Nat'l Servs., Inc.*, No. 18CV2753, 2018 U.S. Dist. LEXIS 207003, 2018 WL 6381459, at *2 (E.D.N.Y. Dec. 3, 2018) (All favors weighted in favor of dismissal where, among other things, the plaintiff's "inaction has continued even in the face of repeated warnings that such behavior could result in the dismissal of his claim.").

Here, however, since it appears Plaintiff has begun to participate in the prosecution of this action, the Court, in its discretion, will afford Plaintiff another opportunity to make initial disclosures. Plaintiff shall comply with the requirement of Rule 26(a) no later than March 7, 2022. In the event Plaintiff fails to comply with this order, in the first instance, the Court will entertain a motion for attorneys' fees by Defendants to require Plaintiff to pay Defendants' attorneys' fees incurred in connection with any motion practice necessitated by Plaintiff's failure to comply with the Federal Rules and this Court's orders.

The parties are directed to meet and confer, which is required by the rules of the court, regarding the remaining issues raised in the letters filed with the Court.

Dated: Central Islip, New York
February 28, 2022

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge