

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514  PHONE (516)334-4500  FAX (516)334-4501  WWW.SOKOLOFFSTERN.COM

ADAM I. KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

March 28, 2022

**VIA ECF FILING**

Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, NY 11722-4451

        Re:    *Vlahopoulos v. Roslyn Union Free School Dist., et al.*
              Docket No. 21-cv-00063 (ARL)

Dear Magistrate Judge Lindsay:

      We represent defendants Roslyn Union Free School District, Scott Andrews, and Christopher Roth. In October 2021, the parties consented to refer this case to Your Honor for all purposes. (*See* Docket Entry Nos. 39-40.)

      We write to request that this Court to dismiss this action under Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 37(b) and (d) due to plaintiff's failure to prosecute and comply with Court orders, and for attorneys' fees as contemplated and authorized under the Court's Order dated February 28, 2022. (*See* Docket Entry No. 50.)

      In the Court's February 28, 2022 Order, Your Honor afforded plaintiff yet another opportunity to provide his initial disclosures. Your Honor gave plaintiff to March 7, 2022 to provide them. The continued failure to timely provide these disclosures would result in the Court entertaining a motion for attorneys' fees in connection with plaintiff's failure to comply with the FRCP and the Court's Orders. It is 20 days since that deadline. We do not have the disclosures.

      As per the Court's directives, the parties engaged in a meet and confer regarding the discovery deficiencies outlined in defendants' February 13, 2022 letter to the Court. (See Docket Entry No. 47.) Plaintiff's counsel, Kevin Krupnick, and I met by phone on the afternoon of March 10, 2022. I went over each deficiency outlined in my letter. During the call, I agreed to hold off

filing a motion for the outstanding initial disclosures until the end of the day on March 11, 2022, as plaintiff's counsel indicated he would provide them by that date. As set forth above, no disclosures were provided. During the meet and confer call, plaintiff's counsel agreed to provide all of the items sought in the deficiency letter by March 25, 2022. (A confirming email chain is attached as Exhibit A.)

On March 14, 2022, plaintiff's counsel's firm sent two HIPAA authorizations. That was it. We received nothing to supplement the unverified interrogatory responses, nor did we receive anything in response to document requests nos. 1, 14, 15-17, 18, 19, 20, 21, 22, 23-26, 27-76, 78-80. (*See* Docket Entry No. 47.) We incorporate by reference the deficiencies in our prior letter to the Court. (*See* Docket Entry No. 47.) Notably, plaintiff provided no reason, whether by phone or in writing, why the alleged deficiency claims were unfounded. Rather, he agreed to provide the requested items by March 25, 2022. Yet he again failed to comply and the items are still outstanding 2 days later. We note that our initial letter to compel discovery was filed with the Court back on September 7, 2021. (*See* Docket Entry No. 36.)

To the extent plaintiff alleged in a letter to the Court (*see* Docket Entry No. 46.) that defendants had deficiencies in their discovery responses, no such issue was discussed during the meet and confer and we invited plaintiff's counsel to advise us if there was anything to discuss. (Ex. A.) No follow up was received and we stand by the propriety of our prior responses.

The discovery deadline is February 14, 2022. We believe plaintiff's delay is well documented and warrants dismissal or other sanctions.

To the extent the Court disagrees, we request a 60-day extension of time solely to obtain plaintiff's supplemental discovery responses and to depose plaintiff and any non-parties plaintiff identifies in discovery. I have an out of state municipal law conference and a family vacation in April and various upcoming discovery and motion deadlines in federal and state court cases.

Thank you for the consideration of this matter.

Respectfully submitted,

SOKOLOFF STERN LLP

Adam I. Kleinberg

Attachments
cc: All counsel of record (via ECF)