

# THE KRUPNICK FIRM

*Attorneys at Law*
56 Hammond Road
Glen Cove NY 11542
844-741-7800 Tel
516-592-2820 Cel
516-759-0610 Fax
Email: kpkrupnick@gmail.com
http://www.krupnickfirm.com

VIA ECF FILING

Hon Arlene R. Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip NY 11722-4451

Re: Vlahopouolos v. Roslyn Union Free School District
    Docket No. 21-CV-00063

Dear Magistrate Judge Lindsay:

    We represent the plaintiff Athanasios Vlahopoulos, a nineteen-year-old young man who attended defendants' High School, and for which plaintiff herein had commenced legal action against defendants for what constitute numerous brazen acts resulting in defendants' violation of plaintiff's fundamental right to both due process and equal protection. It should be considered that prior to commencing suit, defendant was afforded numerous opportunities to avoid the instant litigation, but rather chose to instead engage in a campaign to further harass and abuse plaintiff, much like a whistleblower in a corporate matter or criminal prosecution. It must also be considered now at this juncture by your honor that defendant has no intent to have these matters resolved by any trier of fact, but rather the defense strategy is to attempt to create some kind of technical issue that results in dismissal of plaintiff's complaint. The defendant made a motion in State Supreme Court to move this matter to the Eastern District, claiming the EDNY had subject matter jurisdiction to address the issues in the plaintiff's complaint. Less than one week after making several unopposed motions to move venue to EDNY, upon EDNY granting defendants' application,

defendant instantly made a motion to dismiss the plaintiff's complaint in EDNY, based upon the premise that the complaint failed to state a claim that EDNY could grant relief and that the complaint did not comply with FRCP. Obviously, if the complaint was filed in Nassau County Supreme Court, the pleading need not comply with FRCP. Hon. Gary Brown, DCJ conducted a conference, wherein he advised counsel for defendant that he was not going to dismiss the complaint, but at his honors request plaintiff was required to redraft the entire complaint to conform with FRCP.  At said conference, the undersigned stated that we would accommodate the courts request; however, I advised his honor that this appeared to be a defense tactic and no matter what the revised complaint contained, I believed defense counsel would interpose objection to same.  Months later, I was proven right, but his honor clearly recognized that this conduct was nothing less than a futile defense tactic.

      This is the second or third motion conference letter defense has asserted plaintiff has failed to comply with discovery responses, when plaintiff has provided full disclosure of any and all documents in the nineteen year old plaintiff's possession, BUT defense counsel and defendants have failed to provide any of the specific documents requested by plaintiff, specifically documentation of and concerning the two named school district administrator's graduate degree programs, both were enrolled in at the time of the subject matter incidents and which information published by Syracuse University Newspaper article indicates that both Dr. Scott Andrews and Christopher Roth implemented a disciplinary policy with the goal of prohibiting high school students from using Juul devices on school premises.   Plaintiff specifically has requested specific information pertaining to the two defendants graduate degree programs and this policy that the two defendants implemented as it clearly pertains to two incidents forming the subject matter of plaintiff's complaint.  To date not one single document nor one disclosure has been made by defendants with regard to this issue.  However, plaintiff has furnished defense counsel with HIPPA authorizations for health care providers who treated plaintiff for the trauma caused by defendants.  Plaintiff has no other initial disclosures in this case, as defendants are in  the business of operating a school district and maintaining records in the ordinary course of that business, none of which they have produced.

      Plaintiff was strip searched two times by defendant [dean] Christopher Roth, under the premise that Dean Roth would find a Juul (smokeless

nicotine device) on plaintiff's person.  Both extensive and invasive searches[1] yielded no recovery of any contraband on plaintiff.  Plaintiff was suspended for alleged "cyber bullying"; however, defendant did not utilize its own student code of conduct as a standard to measure plaintiff's conduct.  When, these issues were raised by plaintiff, defendants began a campaign of retaliation over the duration of many days, weeks and months against an adolescent placed in their care and custody that resulted in nothing less than traumatization.  All relevant, records, documents and authorizations have been provided to defense counsel.  However, defendants have refused to provide plaintiffs with discovery despite insisting on plaintiffs entering into a confidentiality agreement.

      For the reasons set forth above, we respectfully request that: (i) defendants applications be denied in their entirety; and (ii) in light of the numerous misrepresentations of defendants infamous[2] Roslyn School District and its administration, as to plaintiffs discovery, we herein request permission to file motions for preclusion against defendant, precluding them from offering evidence at trial as to the plaintiffs specific discovery requests that still remain unanswered by defendants.

Very truly yours,<br>
Kevin P. Krupnick, Esq<br>
The Krupnick Firm<br>
Attorneys for Plaintiff<br>
ATHANASIOS VLAHOPOULOS

cc:    Adam I. Kleinberg, Esq
       Attorney for all Named Defendants

---

[1] Conducted in two different school years
[2] See HBO documentary feature film "Bad Education" starring Hugh Jackman as the former Superintendent of the "infamous" Roslyn School District and the depiction of the culture of administration of district business.