

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514 PHONE (516) 334-4500 FAX (516) 334-4501 WWW.SOKOLOFFSTERN.COM

ADAM I. KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

August 18, 2022

**VIA ECF FILING**

Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, NY 11722-4451

        Re:   *Vlahopoulos v. Roslyn Union Free School Dist., et al.*
              Docket No. 21-cv-00063 (ARL)

Dear Magistrate Judge Lindsay:

      We represent defendants Roslyn Union Free School District (the "District"), Scott Andrews, and Christopher Roth. We write to request that the Court dismiss this action under FRCP 41(b) and FRCP 37(b) and (d) for plaintiff's failure to prosecute and comply with Court orders, including the July 27, 2022 Order (Docket Entry No. 58), under FRCP 37(c) to preclude plaintiff from presenting evidence of damages if the case is permitted to proceed, and for attorneys' fees as contemplated and authorized under the Court Order dated February 28, 2022 (Docket Entry No. 50).

      At the July 27, 2022 conference with the Court, Your Honor directed plaintiff's counsel to provide the long overdue initial disclosures, supplemental document responses, and HIPAA authorizations by August 15, 2022. This was memorialized in Docket Entry No. 58.

      Again, plaintiff and his counsel failed comply with the Court's directives. Plaintiff provided initial disclosures by email on August 16, 2022 at 11:20 a.m. Minutes later, I responded by asking about the outstanding HIPAA authorizations and the supplemental document responses. We set up a meet and confer call for later in the afternoon. An email chain is attached as Exhibit A.

      For the Court's convenience, the HIPAA authorization and supplemental document responses owed were summarized in Docket Entry No. 51 with the attached exhibits, laying out precisely what needed to be produced, what plaintiff agreed to produce, and what the Court

directed plaintiff to produce. Plaintiff's counsel and I spoke at 3:30 p.m. on August 16th. He indicated he would provide everything by the end of the day.

The day ended, the new day began, and again we did not have the authorizations or the supplemental document responses. Plaintiff's counsel provided the HIPAA authorizations by email on August 17th, but did not provide the supplemental document responses. I emailed to give plaintiff to the end of the day before filing this motion. The email exchange is attached as Exhibit B. I did not receive a response and it is now the third day after the Court deadline to produce these items.

The importance of the supplemental document responses is furthered by plaintiff's initial disclosures. When required to identify documents that the plaintiff has in his possession, custody or control to support his claims, plaintiff simply responded that the District is required to maintain records and has unspecified evidence. This is an insufficient response and we are now over 1 ½ years into the case and plaintiff still refuses to identify documents in his possession or indicate there are none. A copy of the disclosures is attached as Exhibit C.

Additionally, a closer review of the initial disclosures also shows that plaintiff failed to particularize his damages. Instead, plaintiff essentially provides a settlement demand and seeks to unilaterally declare the figures as inadmissible. However, under Rule 26(a) of the Federal Rules of Civil Procedure, a party seeking damages must automatically "provide to the other parties ... a computation of each category of damages claimed by the disclosing party" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material ... on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). "Rule 26(a) requires a party to provide a computation of any category of damages voluntarily, i.e., 'without awaiting a discovery request.'" *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006).

Under Rule 37(c), "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Summerlin v. City of New York,* 2014 WL 4443469, at *2 (S.D.N.Y. 2014). The purpose of Rule 37(c) is to prevent the practice of "sandbagging" an adversary with new evidence at trial. *Gotlin v. Lederman*, 2009 WL 2843380, at *3 (E.D.N.Y. 2009); *Ebewo v. Martinez*, 309 F.Supp.2d 600, 607 (S.D.N.Y.2004).

Plaintiff produced no computation of pecuniary loss with his Rule 26(a) initial disclosures. *See* Ex. C, at p. 4. *Id.* The initial disclosures contain no additional information about plaintiff's claims for economic damages. Plaintiff does not even specify the types of damages sought, let alone set forth any numbers or calculations. Plaintiff's "disclosures" could not have been farther from the sort of specific computation contemplated by the Rules. They simply seek $500,000 for

due process and equal protection violations, $500,000 for negligent infliction of emotional distress (a cause of action that is not even asserted in the amended complaint and would be time barred if plaintiff sought a second amendment), and $500,000 for punitive damages.

Plaintiff's failure to disclose a measure of damages in the Fed. R. Civ. P. 26(a)(1) initial disclosures, standing alone, is sufficient ground to preclude such evidence at trial. *See Roberts v. Ground Handling*, Inc., 2007 WL 2753862, at *4 (S.D.N.Y. 2007). Courts have routinely precluded parties from introducing evidence relating to particular categories of damages where those parties failed to comply with their Rule 26 disclosure obligations. *See e.g.*, *Design Strategy*, 469 F.3d at 296 (lost profits); *Thompson v. Jamaica Hosp. Med. Ctr.*, 2015 WL 3824254, at *4 (S.D.N.Y. 2015) (precluding evidence of damages not yet produced in discovery); *Agence France Presse v. Morel*, 293 F.R.D. 682, 683 (S.D.N.Y. 2013) (precluding plaintiff from arguing entitlement to statutory damages award under DMCA for each of 527 purported violations); *Public Adm'r of Queens Cnty. ex rel. Estate and Beneficiaries of Guzman v. City of New York*, 2009 WL 498976, at *12 (S.D.N.Y. 2009) (dismissing wrongful death claim because plaintiff "failed to provide furnish any evidence establishing pecuniary loss as a result of [decedent's] death"); *24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008) (precluding evidence of loss of income-producing asset theory).

While plaintiff's counsel's responses to my prior letters to the Court make wild accusations about me, my firm, and my clients, there has always been a simple resolution to the discovery issues we have raised before the Court time and time again. Just produce what is required by the FRCP, what was agreed to be produced, and what the Court directs to be produced. They have again failed to do so and we ask the Court to issue an order with the requested relief.

Thank you for the consideration of this matter.

Respectfully submitted,

SOKOLOFF STERN LLP

Adam I. Kleinberg

Attachments
cc: All counsel of record (via ECF)