# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF THE UNITED STATES

ATHANASIOS VLAHOPOLOUS,

                *Plaintiffs*            Docket No.: 21-cv-00063

                                            *Plaintiff's*
-against-                          REQUIRED INITIAL DISCLOSURE PERSUANT
                                            to
ROSLYN UNION FREE SCHOOL DISTRICT,     DOCUMENTS
                                            FRCP Rule 26(a)

SCOTT ANDREWS,

CHRISTOPHER ROTH,

                               *Defendants*

S I R ( S ) :

PLEASE TAKE NOTICE that, plaintiff herein and hereby provides defendant with required initial disclosure pursuant to Rule 26(a) of Federal Rule of Civil Procedure.

(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

ELIZABETH VLAHOPOULOS, mother of plaintiff
PAIGE VLAHOPOULOS, sibling of plaintiff attending RHS, defendant school
STEVEN VLAHOPOULOS, sibling of defendant attended and graduated RHS, defendant's school
410 Motts Cove Road South
Roslyn Harbor NY


PETER VLAHOPOULOS, father of plaintiff
456 Glen Cove Ave
Sea Cliff, NY 11579

CHRITSOPHER ROTH, employed as and administrator in defendant's district. ROTH conducted the two subject matter searches of defendant's person which form the basis of some of plaintiff's claim. During the time of Principal SCOTT ANDREWS was not at the Roslyn High School, ROTH the Dean of Students on occasion drafted and sent correspondence to the plaintiff's parents signing ANDREWS signature to said correspondence. As Roth is employed as an administrator for the defendant School district, he would be required to maintain records concerning all of the incidents he was involved in with the plaintiff forming the subject matter of plaintiff's lawsuit

DR. SCOTT ANDREWS, employed as principal of RHS; ANDREWS would have all email correspondence and/or written records kept in the ordinary course of operation of RHS pertaining the events forming the basis of plaintiff's claim. Further, due to the extensive period of time ANDREWS was absent from his principal position at RHS, plaintiff has asserted claims sounding in negligent supervision/oversight of defendants' faculty and staff. Plaintiff asserts that a negative inference may be implied in the event principal ANDREWS did not maintain or has no records pertaining to the events forming the subject matter of plaintiff's complaint, as the extensive period of time defendants operated RHS without ANDREWS being present could be determined to be the proximate cause of the districts failure to supervise and train its administration for the purpose of daily operation and discipline.

ALLISON BROWN, Superintendent of School District, responsible for supervising and training of Administration. BROWN unilaterally ruled against plaintiff, when he appealed ROTH/ANDREWS decision to suspend plaintiff.

RHS Wrestling Team Coaches, Athletic Directors, physical education teachers responsible for operation of athletic programs at RHS, will have all internal communication had by and between administration and faculty relating to the subject matter incidents concerning plaintiff.
475 Round Hill Road
Roslyn Heights, NY 11577

ARSHAM

SARAH

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

THE PLAINTIFF was SEVENTEEN to EIGHTEEN years of age at the time the the subject matter events occurred at RHS. Defendant is a school district, that is required pursuant to relevant NYS Public Education Law to maintain in the regular course of operation of its school district incident records pertaining to the events that occur threat. The bulk of documentary evidence for this case will be furnished by the defendant.

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

While in defendant's care and custody plaintiff was subjected to multiple exposures of substandard behavior on the part of defendant district's administration, who have the duty to act *en loco parenti* when they are supervising students attending RHS. Defendant ROTH on two separate occasions searched plaintiff's person, and at no time ever did he recover any contraband

from plaintiff's person. Defendant ROTH was at all times utilizing highly advanced electronic surveillance equipment for upon information and belief no reasonable purpose. During the time of plaintiff's second search, defendant ROTH was sending plaintiff home in an Uber. Defendant ROTH owed no duty of care to the Uber driver, and his search of plaintiff's person was clearly unjustified, as plaintiff posed no threat to either the RHS building, faulty, staff or other students attending RHS. Moreover, the manner in which the second search was conducted, with two other male students in ROTH'S office crying and clearly being upset and disturbed by ROTH and an unknown "JOHN DOE" RHS Security Officer. When ROTH's search yielded no contraband, rather than stopping the search of these three boys, he went further and further, and never recovered one single item from plaintiff's person or his belongings. As a result of defendant ROTH'S conduct and his goal of removing smokeless cigarette devices from RHS, he breached the duty of care he owed to plaintiff and ROTH's conduct (1) Violated plaintiff's fundamental right to due process and equal protection; (2) Failed to act in any manner at all whatsoever demonstrating that he was acting as the plaintiff's parents would to protect plaintiff; and (3) ROTH's substandard conduct as an administrator employed by defendant district with regard to his mission to hunt for Jewel devices and *rid* RHS and every student's home of the *Jewel*. As a direct result, plaintiff sustained personal injuries necessitating his receiving medical care and treatment for conditions such as PTSD, Anxiety and Panic Disorders. Plaintiff will establish that defendant ROTH operated RHS surveillance equipment in a manner inconsistent with fostering the healthy development of RHS students. Defendant district knew or should have known the activities that ROTH engaged in. Defendant RHS failed to make any effort at all whatsoever to take reasonable prudent steps to ensure defendant ROTH was conducting himself in a manner that would not shock and/or cause unnecessary trauma to students attending RHS, but ROTH's action and ANDREWS inaction were the proximate cause of plaintiffs sustain personal injuries. To date, as a result of the two year period of time that ROTH was allowed by defendant district to repeatedly engage in inappropriate, unwarranted stalking via surveillance equipment and conducting two searches of plaintiff's person yielding no contraband, plaintiff has not yet been able to attend any undergraduate programs, and in essence has become reclusive.

Upon information and belief, the plaintiff has been damaged by defendant as follows:

1. For defendants' violating plaintiff's fundamental rights to procedural due process and equal protection under the law, $500,000.00[1], and/or an amount a jury would award plaintiff under the circumstances;

2. For defendant's negligent infliction of emotional distress upon plaintiff, causing plaintiff to suffer from Post Traumatic Stress Disorder (PTSD) $500,000.00;

3. Punitive damages, so as to encourage defendants not to continue to engage in the patterns of behavior forming the basis of plaintiff's claim in the amount of $500,000.00, and/or an amount a jury would award plaintiff under the circumstances;

---

[1] The figures herein represent an adjustment of the Plaintiff's claim originally filed in NYS Supreme Court. In and effort to resolve these matters with defendant's, and perhaps foster the mediation process for resolution plaintiff herein provides these figures as an OFFER OF COMPROMISE AND OR SETTLEMENT, and same is therefore inadmissible in any future court proceedings should the parties be unable to resolve these matters prior to trial.

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

PLAINTIFF HAS NO SUCH INSURANCE POLICY; HOWEVER, UPON INFORMATION AND BELIEF DEFENDANT'S HAVE ERRORS AND OMMISSION INSURANCE POLICIES FOR DISTRICT ADMINISTRATORS.

Dated: Glen Cove, New York
August 10, 2022

        Yours, etc.
        Kevin P. Krupnick, Esq.
        The Krupnick Firm
        *Attorneys for Plaintiff*
        ATHANASIOS VLAHOPOULOS
        56 Hammond Road
        Glen Cove, NY 11542
        844-741-7800
        516-592-2820
        email: kpkrupnick@krupnickfirm.com

TO:
Adam I. Kleinberg, Esq.
SOKOLOFF STERN LLP
Attorneys for Defendants
179 Westbury Ave.
Carle Place, NY 11514
P: (516) 334-4500 x109
F: (516) 334-4501
C: (631) 626-6745
sokoloffstern.com