

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514    PHONE (516) 334-4500    FAX (516) 334-4501    WWW.SOKOLOFFSTERN.COM

ADAM I. KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

February 14, 2023

**VIA ECF FILING**
Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York

           Re:    *Vlahopoulos v. Roslyn Union Free School Dist., et al.*
                    Docket No. 21-cv-00063 (ARL)

Dear Magistrate Judge Lindsay:

      We represent defendants Roslyn Union Free School District, Scott Andrews, and Christopher Roth. We write under Rule 2(D) of Your Honor's Individual Practices to request a pre-motion conference in anticipation of moving for summary judgment under Fed. R. Civ. P. 56 and for sanctions under Fed. R. Civ. P. 11.

      On May 28, 2021, Judge Gary R. Brown, dismissed plaintiff Elizabeth Vlahopoulos and defendants Sarah Januszewski, Arshan Pazooki, and Allison Brown from the case. Judge Brown also dismissed remaining plaintiff Anathasios ("Tommy") Vlahopoulos' Fifth Amendment and due process claims against the remaining defendants. This left an illegal search claim under the Fourth Amendment, a Fourteenth Amendment equal protection claim, and a *Monell* claim against the school district. The case was then referred to Your Honor for all purposes.

      This case arises out of a student report that Tommy, then a junior in high school, had been harassing and cyberbullying a peer, and selling THC products. Defendant Roth (the high school dean of students) investigated the situation and found that Tommy had posted his own misconduct on social media and that school surveillance footage confirmed Tommy's harassment of another student. Roth had a reasonable suspicion that Tommy possessed drug paraphernalia in school and, with the District's Director of Security, oversaw a limited search with Roth present. *See New Jersey v. T.L.O.*, 469 U.S. 325 (1985).

      While plaintiff's counsel has alleged a wild set of allegations using the term "strip search," Tommy's own testimony confirmed that he was not strip searched. He was asked to turn his sweatpants pockets inside out (like "elephant ears"), remove his shoes and roll down his socks (Tommy's friends were found to have devices in their socks), remove his baggy sweatshirt (with a t-shirt always remaining on), and lift his pant legs up towards his knees (to expose his ankles). The Director of Security searched Tommy's bookbag. Tommy's own testimony confirms there was no strip search conducted. *See e.g. I.S. v. Binghamton City Sch. Dist.*, 486 F.Supp.3d 575, 599-600 (N.D.N.Y. 2020) (removal of footwear is not a strip search).

The equal protection claim also fails as plaintiff does not plead membership in a protected class nor is there evidence that Tommy is in one. An equal protection claim under a class of one theory also fails because there is no evidence to demonstrate that Tommy was "treated differently from … similarly situated" individuals. *See Marino v. City Univ. of New York*, 18 F.Supp.3d 320, 340 (E.D.N.Y. 2014). In fact, Tommy testified that other students suspected of possessing drug paraphernalia were subjected to the same search and were suspended from school. Regarding the cyberbullying, Tommy's testimony confirmed that he posted the videos on social media, referred to the target by a racial slur, and could be seen in the surveillance videos chasing after the target.

Plaintiff cannot maintain a *Monell* claim against the school district. The Second Circuit has held that a school principal (and, thus, a dean) does not create policy to support *Monell* liability. *See Agosto v. NYC Dept of Education*, 982 F.3d 86, 98-99 (2d Cir. 2020). Further, the school district had appropriate written policies prohibiting strip searches, harassment, cyberbullying, and the possession of vaping and drug products and paraphernalia.

The individual defendants should be afforded qualified immunity. Defendant Andrews (the high school principal) was not even in school for the events. After Roth investigated, he contacted Andrews by phone and received Andrews' permission to sign a letter suspending Tommy from school. Roth complied with the law and performed his responsibility to keep all students safe and to enforce disciplinary action consistent with District policy.

We also contend that the severe remedy of Rule 11 sanctions are warranted. Not only has plaintiff and his counsel created a false narrative of a strip search, ignoring common sense and the law while brazenly brandishing the term towards a school and its administrators concerned with the safety of all students, Tommy admitted at his deposition that he swore to false interrogatory responses this year, long after graduating high school. Specifically, he admitted that he was not wearing wrestling apparel at the time of the search. He admitted that Roth did not ask him to extend his sweatpants from his waist and remove the band from his body. He admitted the alleged search was conducted in private rooms. Even after the requisite Rule 11 letter and notice of motion were sent, plaintiff persisted with this frivolous lawsuit.

Last, we attach our Rule 56.1 Statement, which was served on January 13, 2023. While we previously wrote to the Court contemplating the need for an extension, having not heard back we completed the statement and served it to afford plaintiff the required 7 days for a response. We file this having not received a responsive statement from plaintiff's counsel, or our Rule 56.1 Statement, all of which is consistent with plaintiff's counsel's past disregard for self-imposed deadlines, the FRCP, and court deadlines, and further basis for Rule 11 sanctions.

Thank you for the consideration of this matter.

Respectfully submitted,
**SOKOLOFF STERN LLP**

Adam I. Kleinberg

Attachments
cc:     All counsel of record (via ECF)