UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

ATHANASIOS VLAHOPOLOUS,

    *Plaintiff*,

v.

ROLSYN UNION FREE SCHOOL DISTRICT, SCOTT ANDREWS and CHRISTOPHER ROTH,

    *Defendant*.

Case No. 21-CV-00063

# MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Dated: April 14, 2023

Kevin P. Krupnick, Esq.
The Krupnick Firm
56 Hammond Road
Glen Cove, New York 11542
Tel.: 844-741-7800
Fax: 516-759-0610
kpkrupnick@krupnickfirm.com

*Counsel for Plaintiff*

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

ARGUMENT ......................................................................................................... 1

I.     Defendants' Motion is Devoid of Substantive Legal Reasoning and Argument ........................................................................................... 1

II.    Under Any Reading of their Motion, Defendants Cannot Prevail on the Present Summary-Judgment Record ............................................................. 4

      A.   Defendant Roth did unreasonably search a child without the proper justification ............................................................................... 5

      B.   Defendant Roth is not entitled to qualified immunity……………………..10

CONCLUSION ..................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**

*Barfield v. Kershaw Cty. Sheriff's Office*, 638 F. App'x 196 (4th Cir. 2016) ......... 10

*Betton v. Belue*, 942 F.3d 184 (4th Cir. 2019) ...................................................... 8, 10

*Connor v. Thompson*, 647 F. App'x 231 (4th Cir. 2016) .......................................... 10

*Cooper v. Sheehan*, 735 F.3d 153 (4th Cir. 2013) .................................................... 11

*Estate of Kimmell ex rel. Kimmell v. Seven Up Bottling Co.*, 993 F.2d 410 (4th Cir. 1993) ............................................................................................................................. 1

*E.W. ex rel. T.W. v. Dolgos*, 884 F.3d 172 (4th Cir. 2018) ........................................ 7-8, 10

*Graham v. Connor*, 490 U.S. 386 (1989) ................................................................. 8

*Harris v. Pittman*, 927 F.3d 266 (4th Cir. 2019) ..................................................... 10

*Hawkins v. McMillan*, 670 F. App'x 167 (4th Cir. 2016) (per curiam) ................... 10

*Henry v. Purnell*, 652 F.3d 524 (4th Cir. 2011) (en banc) ....................................... 11

*Hensley ex rel. North Carolina v. Price*, 876 F.3d 573 (4th Cir. 2017) .................. 10

*Hill v. Crum*, 727 F.3d 312 (4th Cir. 2013) ............................................................... 7

*Hupp v. Cook*, 931 F.3d 307 (4th Cir. 2019) ............................................................ 10

*Jiggets ex rel. S.J. v. Long*, 510 F. App'x 278 (4th Cir. 2013) ................................ 11

*Jones v. Buchanan*, 325 F.3d 520 (4th Cir. 2003) .................................................... 9

*Krein v. Price*, 596 F. App'x 184 (4th Cir. 2014) .................................................... 11

*Maag v. Silversea Cruises, Ltd.*, No. 18-21535-CV, 2019 WL 1724044 (S.D. Fla. Apr. 18, 2019) ................................................................................................................. 3

*Meyers v. Baltimore Cty.*, 713 F.3d 723 (4th Cir. 2013) ................................... 8-9, 11

*Ridpath v. Bd. of Governors of Marshall Univ.*, 447 F.3d 292 (4th Cir. 2006) ......... 8

*Smith v. Murphy*, 634 F. App'x 914 (4th Cir. 2015) ............................................... 11

*Smith v. Ray*, 781 F.3d 95 (4th Cir. 2015) ............................................................ 9-10

*Streater v. Wilson*, 565 F. App'x 208 (4th Cir. 2014) ............................................. 11

*Thomas v. Holly*, 533 F. App'x 208 (4th Cir. 2013) ............................................... 11

*Williams v. Am. Family Mut. Ins. Co.*, No. 2:09-CV-00675, 2012 WL 1574825 (D. Nev. May 2, 2012) ........................................................................................ 2

*Williams v. Strickland*, 917 F.3d 763 (4th Cir. 2019) ............................................ 10

*Yates v. Terry*, 817 F.3d 877 (4th Cir. 2016) ......................................................... 10

*Z.F. v. Adkins*, No. 2:18-CV-00042, 2019 WL 1559022 (W.D. Va. Apr. 10, 2019) . 4

**<u>Rules</u>**

Fed. R. Civ. P. 56 ................................................................................................. 1, 4

## INTRODUCTION

The basis for the Defendants' motion for summary judgment remains is quite an enigma. Rather than explaining why summary judgment should be granted in their favor, Defendants herein submit a myriad of what they claim are undisputed facts and conjecture in their document styled as a "motion." Defendants have failed to meet their burden under Rule 56 of the Federal Rules of Civil Procedure. And even if the Court were to consider the entirety of Defendants filing, their motion hardly entitles him to summary judgment on Plaintiff's claims. Defendants' motion should be denied.

## ARGUMENT

When any party moves for summary judgment, that party carries the "burden of showing that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Estate of Kimmell ex rel. Kimmell v. Seven Up Bottling Co.*, 993 F.2d 410, 412 (4th Cir. 1993). Defendants have failed to carry this burden, as required by Rule 56(a).

I. **Defendants' motion is devoid of substantive legal reasoning and argument.**

Defendants' motion is chock full of substantive and procedural deficiencies. Most glaringly, the motion contains a "statement of the facts," that quite simply is conjecture on Defendant's part, or the Defendants wishful interpretations, which are not facts, they are "alternative facts" making them

simply not true, and not actual "facts". Additionally, Defendants herein do not include any "supporting reasons." Defendants have made no effort to explain *why* they are entitled to summary judgment on any of Plaintiff's claims. The closest Defendants come is coming to some conclusion based upon leaps of faith that there is no dispute as to any of the material facts and the search and seizure of Plaintiff was reasonable and justified. But that is simply a restatement of Rule 56(a)'s standard, not a "showing" that the standard has been met. This defect alone warrants the denial of Defendant's motion.

Although Defendants ramble on in this motion about what they consider undisputed facts, they do not provide the Court with any basis for assessing their conjecture. The same is true of the excerpts that are utilized throughout the motion from the depositions held herein. Defendants have taken statements out of context in order to fit the narrative of their preconceived "Vape Initiative" but without fully identifying why these excerpts give rise to a claim of summary judgment, Defendants are grasping for straws here. *See Williams v. Am. Family Mut. Ins. Co.*, No. 2:09-CV-00675, 2012 WL 1574825, at *4 n.2 (D. Nev. May 2, 2012) *Maag v. Silversea Cruises, Ltd.*, No. 18-21535-CV, 2019 WL 1724044, at *2 n.2 (S.D. Fla. Apr. 18, 2019) ("[R]ather than present arguments with relevant case law, Plaintiff decided to copy and paste large portions of her deposition transcript.").

In addition, once again Defendants have filed a motion in this case based on assertions. As many Courts have established "[i]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Z.F. v. Adkins*, No. 2:18-CV-00042, 2019 WL 1559022, at *3 (W.D. Va. Apr. 10, 2019) (quoting *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993)). Defendants' whole basis for the search they claim was reasonable was unauthenticated reports by social media and other students. As these documents were not authenticated, they cannot be utilized in a motion for summary judgment.

II. **Under any reading of his motion, Defendants cannot prevail on the present summary-judgment record.**

Defendants have filed a memorandum with lots of citations but still would are unable to demonstrate an entitlement to relief on Plaintiff's claim.

    A. **Defendant Roth's search of Plaintiff was unreasonable.**

As explained numerous times by Plaintiff Defendant Roth's search of Plaintiff was excessive and unreasonable in scope. By Roth's own admission, Plaintiff was sequestered, held against his will, without law enforcement or representation after a preliminary search turned up nothing. Defendant Roth knowingly and willingly proceeded to continue the search by forcing Plaintiff to remove articles of clothing, even after a preliminary search resulted in no contraband being present on Plaintiff's person. The continued search, is a disproportionate response to the attempted violation of a school rule or the

Defendants' secret "Vape Policy". Defendants' claim that Plaintiff had "blood shot eyes" is not reasonably justified information with which to continue said search. In addition, Defendants herein in their motion claim now that the "school nurse believed Plaintiff was "high on marijuana" (Defendants' Memorandum Page 6) and "searched Tommy's wrestling team bag"; although there is no sworn affidavit from the school nurse.

Moreover, had same been true, Defendant Roth was investigating a type of violation whereby, Defendant Roth needed to take extraordinary measures to preserve evidence relevant to his investigation, if it was true that Plaintiff was "high on marijuana" or that Plaintiff was, as Defendants claim "selling drugs". The egregiousness of the Defendant school district's actions is further underscored by their role in every student's life, the fact that Defendants would subject Plaintiff to unreasonable search and seizure in a school is beyond logic and basic comprehension of every child's needs.

Rather than contending that established principles entitle Plaintiff to relief, Defendants continue to argue that their use of unauthenticated social media, members of the student body as informants looking for their own reduced disciplinary actions, and the myriad of excuses utilized by Defendants to justify their actions that were not proper. Not one of Defendants' carefully orchestrated arguments takes into account that there are many disputed facts herein.

While Plaintiff contends that Defendant Roth had the authority for the initial search, Plaintiff does not agree based on the relevant facts that Defendants were authorized to search in any way they desired, using whatever means they wished.

It is irrelevant whether or not Plaintiff exhibited any signs giving rise to the search. Nor does it matter what Defendants thought at the time, since Defendants herein did not have this knowledge firsthand, as said "evidence" was put forth by other members of the student body, them themselves caught with the utilization of contraband. Defendants herein are woefully mistaken that Plaintiff's disciplinary history in school is relevant to this motion for summary judgment.

The record contains several factual disputes between the parties. Such findings of fact are still in dispute in this case and therefore summary judgment is not proper at this juncture. Even if one were to accept Defendants' account of the facts, Defendant Roth's actions still violated settled Fourth Amendment principles. The undisputed facts evidence show that Defendant Roth used unauthenticated information and documents, social media, student informants and baseless accusations to unreasonably search Plaintiff. At an absolute minimum, a reasonable jury could conclude as much from the existing record. Defendants' motion should therefore be denied.

**B. Defendants are not entitled to qualified immunity.**

To be entitled to qualified immunity in in a case involving a student claim,

the school official must have acted "objectively reasonabl[y] in view of the clearly established law at the time of the alleged event." *Hill v. Crum*, 727 F.3d 312, 321 (4th Cir. 2013). For a plaintiff to prevail, however, it is "not required . . . that a court previously found the specific conduct at issue to have violated an individual's rights." *E.W. ex rel. T.W. v. Dolgos*, 884 F.3d 172, 185 (4th Cir. 2018). It is enough if "a general constitutional rule already identified in the decisional law applies with obvious clarity to the specific conduct in question." *Id.* (quoting *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 543 (4th Cir. 2017)).

Although Defendants claim they have a qualified immunity in this matter, based on their probable cause and their belief that they have not violated the Plaintiff's rights due to such immunity, they are mistaken. As many Circuit courts have explained, "[t]he burden of proof and persuasion with respect to [the] defense of qualified immunity rests on the official asserting that defense." *Meyers v. Baltimore Cty.*, 713 F.3d 723, 731 (4th Cir. 2013); *see also Betton v. Belue*, 942 F.3d 184, 190 (4th Cir. 2019). Defendants have entirely neglected this burden, failing to articulate a single reason why the Court should deem their "reasonableness" for said search a qualified immunity applicable here—just as the Defendants have offered no argument defending unreasonable search and seizure of Plaintiff as consistent with the Constitution.

That omission is not surprising, given the facts prevalent here as the whole

incident is a result of the "Vape Policy" enacted by Defendants herein. Such actions are not common and not standard in the school setting and therefore do not qualify within the zone of protection provided by immunity of laws or when conduct justifies the means. It is apparent that any reasonable school official would have realized that the search was excessive, the same as it would be in the use of force. *Smith v. Ray*, 781 F.3d 95, 106 (4th Cir. 2015)

Plaintiff's age and the school context further underscore the egregiousness of Defendants' actions. After explaining at length why officials "should use more restraint when dealing with student misbehavior in the school context," the Court clarified that this principle was "clearly established for any future qualified immunity cases" in the Fourth Circuit. 884 F.3d at 183, 187. To be sure, the officer in *E.W.* was accorded qualified immunity on two distinct grounds: (1) the Fourth Circuit had not yet directed police officers to use more restraint against schoolchildren, and (2) an earlier Fourth Circuit decision had specifically stated that "the use of handcuffs would 'rarely' be considered excessive force" when an officer has probable cause to arrest a suspect. *Id.* at 186. But no such impediments exist in this case. Unlike in *E.W.*, moreover, the alleged crime at issue here was not a violent one. Defendant Roth's actions simply do not justify the use of get out of dodge free card under some kind of qualified immunity.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment should be denied. Although Plaintiff does not believe that a hearing is necessary to resolve this motion, if the Court has any questions or would be inclined to grant Defendants' motion, Plaintiff would appreciate the opportunity to present oral argument.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Kevin P. Krupnick, Esq.<br>The Krupnick Firm<br>56 Hammond Road<br>Glen Cove, New York 11542 |
| Dated: April 14, 2023 | Tel.: 844-741-7800<br>Fax: 516-759-0610<br>kpkrupnick@krupnickfirm.com |
|  | *Counsel for Plaintiff* |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2023, I electronically filed the foregoing brief with the U.S. District Court for the Eastern District of New York by using the Court's CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

*/s/ Kevin P. Krupnick*
Kevin P. Krupnick, Esq.
